IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL BLACK, SR., | No. 2:20-CV-1991-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 10, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff contends appointment of counsel is warranted because: (1) he is indigent; (2) he is incarcerated; and (3) a trial on the merits will likely involve conflicting testimony.  See ECF No. 10, pg. 1.  These are not exceptional circumstances.  Further, a review of the filings in this case reflects that Plaintiff is able to articulate his claims on his own.  Additionally, the legal and factual issues in this case, which appears to raise an Eighth Amendment conditions-of-confinement claim based on denial of adequate medical treatment, are not overly complex.  Finally, the Court cannot evaluate the likelihood of success on the merits at this time because the time within which Plaintiff has been provided to file a first amended complaint has not yet elapsed and a review of the original complaint indicates that Plaintiff' claims are not cognizable against the named supervisory defendants.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 10, is denied.

Dated:  April 8, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE